# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PAUL TERRION and JODY EBERHART, and on behalf of the STATES of CALIFORNIA, DELAWARE, FLORIDA, HAWAII, ILLINOIS, INDIANA, IOWA, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, RHODE ISLAND, TENNESSEE, VERMONT, the Commonwealth of MASSACHUSETTS, the Commonwealth of VIRGINIA, the Commonwealth of PUERTO RICO, the DISTRICT OF COLUMBIA, <br><br> *Plaintiffs/Relators*, <br><br> v. <br><br> POINT BLANK ENTERPRISES, INC. <br> 2102 SW 2nd Street <br> Pompano Beach, FL 33069, <br><br> and <br><br> JOHN DOES NOS. 1-50, FICTITIOUS NAMES, <br><br> *Defendants*. | Case No. 1:19-cv-03581-FYP <br><br> **DEFENDANT POINT BLANK ENTERPRISES, INC'S RESPONSE TO THE GOVERNMENT'S "STATEMENT OF INTEREST REGARDING DEFENDANT'S MOTION TO DISMISS"** |

Even in *qui tam* actions under the False Claims Act in which the government does not intervene, the government, of course, has an institutional interest in having the law described and applied in the most favorable manner possible for the government. Accordingly, it is not uncommon for the government to file "statements of interest," as it did in this case. ECF No. 28 (the "Statement"). It is also not uncommon, however, for meritless *qui tam* lawsuits, like this one, to nevertheless be dismissed upon the basis of the particular facts and allegations presented. As described below, the abstract legal principles recited by the government in its Statement do not call into question the multiple fatal deficiencies of <u>this</u> complaint in <u>this</u> case, nor the necessity of dismissal.

*First,* the government argues that its decision not to intervene, standing alone, is "'at best, of minimal relevance'" regarding materiality. Statement, at 3, *quoting United States ex rel International Bhd. Of Elec. Workers Local Union No. 98 v. Fairfield Co*., 5 F.4th 315, 346 (3d Cir. 2021). That general proposition is not, in and of itself, problematic or controversial, and Point Blank does not contend otherwise. *See* Reply Brief, ECF No. 27, at 16-17 (pp. 12-13) (government's decision not to intervene "speaks for itself"). But, here, there is so much more. As Point Blank explained, and as is apparent from the face of the amended complaint, the government had the benefit of extensive "additional documents," "evidence," and "laboratory test data" from Relators. Reply Brief, at 16-17 (pp. 12-13); Am. Compl., ECF No. 16, at 11-13 (¶¶ 28-32). And, significantly, the government had the benefit of discovery, a full evidentiary record, and the results of contested litigation over the exact same core allegation of a "defect" in the SSBS vests made by Relators here—that contested litigation was resolved decisively in Point Blank's favor by the United States District Court for the Southern District of Florida, *Ohio State Troopers Ass'n, Inc. v. Point Blank Enterprises, Inc.*, 481 F.Supp. 3d 1258, 1275-76 (S.D. Fla.

2020), and affirmed by the United States Court of Appeals for the Eleventh Circuit. *Ohio State Troopers Ass'n v. Point Blank Enterprises, Inc.*, No. 20-13588, 2021 WL 4427772, at *2 (11th Cir. 2021). Accordingly, this case is a far cry from a mere naked argument about a government decision not to intervene, as in the cases cited by the government. The relevance of all of the facts apparent from the complaint and the public record here are certainly appropriate to consider in connection with materiality.

**Second,** the government offers an extended discussion in favor of a watered-down materiality test under *Universal Health Serv., Inc. v. United States ex. rel. Escobar*, 579 U.S. 176 (2016) ("*Escobar*"), as it does in almost every False Claims Act case in which materiality is implicated, and in frequent "statements of interest" in non-intervened *qui tam* actions. *See* Statement, at 4-7.[1] What the government cannot credibly do, however, is dispute what the Supreme Court actually said in *Escobar*, which is that the materiality standard is "demanding," that it looks "to the effect on the **likely or actual behavior** of the recipient of the alleged misrepresentation," that "if the Government pays a particular claim in full despite the actual knowledge that certain requirements were violated, that is very strong evidence that those requirements were not material," and that resolution of materiality is appropriate, when circumstances so warrant, at the "motion to dismiss" stage. *Escobar*, 579 U.S. at 193-195 & n.6 (emphasis supplied). Those are the standards that have been properly applied by the D.C. Circuit, *e.g., United States ex. rel. McBride v. Halliburton Co.*, 848 F.3d 1027, 1031 (D.C. Cir.

---

[1]   *E.g., State of Hawaii et al. v. Liberty Dialysis-Hawaii LLC et al.,* No. 1:19-cv-00101 (D. Hawaii), ECF No. 90 (government statement of interest arguing lack of materiality); *Markus v. Aerojet RocketDyne Holdings, Inc. et al.*, No. 2:15-cv-02245 (E.D. Ca.), ECF No. 135 (same); *United States ex. rel. JKJ Partnership 2011 v. Sanofi-Aventis US, LLC*, No 3:11-6476-FLW-TJB (D.N.J.), ECF No. 57 (same).

2017), and by the D.C. Court of Appeals in *Johnson v. D.C.*, 144 A.3d 1120, 1137-38 (2016). The amended complaint fails to allege facts that satisfy those standards.

  ***Third,*** the government recites that more than mere "awareness of *qui tam* allegations," when combined with continued payments by the government, is required to establish materiality. Statement, at 7-9.  Once again, that abstract proposition is not particularly controversial, nor one with which Point Blank necessarily disagrees.  Public health and safety, programmatic issues, or other policy-type reasons may well justify continued government payments in appropriate circumstances.  *E.g., United States ex rel. Harrison v. Westinghouse Savanna River Co.*, 352 F.3d 908, 917 (4th Cir. 2003).  Once again, however, that is not <u>this</u> case—here, there are no such exigencies, and there was so much more than knowledge of mere "allegations" associated with the continued payments by the government.  The amended complaint and the public record confirm that the government had substantial "additional documents," "evidence," and "laboratory test data" from Relators.  Reply Brief, at 16-17 (pp. 12-13); Am. Compl. at 11-13 (¶¶ 28-32).  And—significantly—the government had the benefit of a full evidentiary record, and extensive discovery, from parallel lawsuits involving the very same SSBS product defect claims implicated in this case.  *See Ohio State Troopers Ass'n, Inc. v. Point Blank Enterprises, Inc.*, 481 F.Supp. 3d 1258, 1275-76 (S.D. Fla. 2020); *Ohio State Troopers Ass'n v. Point Blank Enterprises, Inc.*, No. 20-13588, 2021 WL 4427772, at *2 (11th Cir. 2021).  There are no allegations whatsoever in the amended complaint about any programmatic, public health and safety, or other policy-type justifications for continued government payments, as in the cases cited by the government.  Accordingly, authorities discussing the significance of continued government payments in such circumstances and in the face of mere "*qui tam* allegations" simply have no relevance here.

*Fourth,* the government recites that materiality involves a "holistic" approach. Statement, ECF No. 28 at 10.  It is not clear what, exactly, the government's point here is, but, to be clear, this Court can, and does, dismiss *qui tam* actions at the threshold motion to dismiss stage, for failure to plead facts sufficient to establish the requisite falsity and materiality.  *E.g., United States ex. rel. Gardner v. Vanda Pharms, Inc.*, No. 17-cv-00464, 2020 WL 2542121, at *7-8 (D.D.C. May 19, 2020); *see also Escobar*, 579 U.S. at 195 n.6 (materiality can be resolved "on a motion to dismiss").  It should do so here with respect to this complaint.

*Fifth,* and finally, Point Blank notes that the government did not attempt to weigh in at all with regard to the separate requirement of "falsity" regarding the warranty claims here, nor the requirement of materiality on the part of the federal government (as opposed to state or local instrumentalities), which Point Blank set forth in detail in its motion and reply.  Moving Brief, ECF No. 17-1, at 13-18 (pp. 8-13); ECF No. 27, at 7-12, 19-22 (pp. 3-8, 15-18).  Beyond the above-described issues of lack of materiality, dismissal is also warranted for all of the separate and additional reasons previously set forth by Point Blank.

## **CONCLUSION**

For the reasons stated above and in Point Blank's motion and reply, Point Blank respectfully requests that the Amended Complaint be dismissed in its entirety and with prejudice, without leave to further amend.

Dated this 15th day of November, 2022.    /s/ Brad Fagg
                                                                Brad Fagg (#433645)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202) 739.3000
Fax: (202) 739-3001
brad.fagg@morganlewis.com

Michael J. Ableson (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
michael.ableson@morganlewis.com

Leonard K. Samuels (*pro hac vice*)
BERGER SINGERMAN LLP
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, FL 33301
Tel: (954) 525-9900
Fax: (954) 523-2872
LSamueals@bergersingerman.com

*Counsel for Defendant Point Blank Enterprises, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th[h] day of March, 2022, a true and correct copy of the foregoing was filed electronically with CM/ECF system, which caused notification of such filing to be sent to counsel of record.

*/s/ Brad Fagg*
Brad Fagg