# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PAUL TERRION and JODY EBERHART, and on behalf of the STATES of CALIFORNIA, DELAWARE, FLORIDA, HAWAII, ILLINOIS, INDIANA, IOWA, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, RHODE ISLAND, TENNESSEE, VERMONT, the Commonwealth of MASSACHUSETTS, the Commonwealth of VIRGINIA, the Commonwealth of PUERTO RICO, the DISTRICT OF COLUMBIA, <br><br>                  *Plaintiffs/Relators*, <br>v. <br><br>POINT BLANK ENTERPRISES, INC. <br>2102 SW 2nd Street <br>Pompano Beach, FL 33069, <br><br>and <br><br>JOHN DOES NOS. 1-50, FICTITIOUS NAMES, <br><br>                  *Defendants*. | Case No. 1:19-cv-03581-ACR |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS discovery in this action may involve the disclosure of certain documents, things, and information in the possession, custody, or control of the Plaintiffs/Relators, Defendant Point Blank Enterprises, Inc. ("Point Blank" or "Defendant"), or nonparties that constitute or contain trade secrets or other confidential research, development, or commercial information, including, for example, customer lists and employee files, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS such confidential information must be protected to preserve the legitimate business interests of the Parties or non-parties;

WHEREAS the Parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of this action and to prevent unnecessary dissemination or disclosure of such confidential information; and

WHEREAS the Parties have established good cause for entry of this protective order;

It is hereby ORDERED that the following provisions shall govern the conduct of further proceedings in this action:

## Scope of this Order

1.  This Protective Order governs the handling of all documents and information produced by the Parties and non-parties in this action and any action arising out of or relating to this action, including any actions necessary to carry out subpoenas and discovery of non-parties, third-party actions, or appeals ("Action"). The Protective Order shall govern all products of discovery and all information derived therefrom, including, but not limited to, all documents, objects or things, deposition testimony, responses to interrogatories, requests for admission, requests for production and/or subpoenas, and any copies, excerpts or summaries thereof, produced by any entity informally or pursuant to the requirements of any court order in the Action. Together, the Plaintiffs/Relators and Defendant in this Action, as well as their officers, directors, employees and agents (including without limitation their legal counsel), are herein referred to as the "Parties."

## Designating Material

2.  "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided by any producing Party, including any non-party, in discovery in this action, which contains proprietary information or

confidential research, development or commercial information, whether personal or business-related, which has not been made public or is not publicly available and the disclosure of which may cause harm to the business operation of the Party. No Party may designate as Confidential any document or other information that it disclosed to a third party unless the Party and the third party agreed in writing to keep the document or other information confidential or the Party and the third party can demonstrate that they otherwise agreed prior to this litigation to keep the document or other information confidential.

3. Any Confidential Information shall be so designated by stamping or otherwise marking such material "Confidential."

4. Only information or material that the producing Party shall in good faith deem to be Confidential Information shall be so designated, but an entire document may be designated as Confidential if any part of it contains Confidential Information, unless the producing Party elects to designate only portions of the document as Confidential.

**Inadvertent Failure to Designate Confidential Information**

5. Inadvertent failure to designate a document or other information as "Confidential" at the time of production shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or information. Upon notice to the receiving Party of such failure to designate, the receiving Party shall cooperate to restore the confidentiality of the inadvertently disclosed information.

**Access to or Use of Confidential Information**

6. Confidential Information may be disclosed or made available only to the following persons:

    (a) the Court and its official personnel in this Action;

 (b) the Parties to this Action and officers, directors, and management-level employees of the Parties;

 (c) any employees or members of the Parties who are necessary for the prosecution or defense of the Action;

 (d) counsel to the Parties, including contract attorneys, and clerical, paralegal and secretarial staff employed by such counsel necessary to assist such counsel in this Action;

 (e) court reporters employed in connection with this Action;

 (f) mediator or settlement officer agreed upon by the Parties or otherwise ordered by the Court;

 (g) deposition witnesses;

 (h) consultants or experts (and their employees) retained by the Parties to render advice or to testify in this Action;

 (i) third-party professional vendors retained by a Party to provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing; storing; retrieving data in any form or medium); and

 (j) any person indicated in such document to be its originator or author or the recipient of a copy.

7. Each person referred to in Paragraphs 6(c) and 6(f) through 6(j) who is shown or given access to Confidential Information, or information derived therefrom, shall (before having access to or being shown Confidential Information) sign an undertaking in the form attached as Exhibit A to this Protective Order, stating that he or she has read a copy of this Protective Order and agrees to be bound by all of its provisions in the same manner as the Parties to the Protective Order are bound, and consents to the jurisdiction of this Court for purposes of enforcement of the terms of the Protective Order. Such undertaking shall be retained by counsel to the Party who proposes to disclose such Confidential Information to such person.

8. The restrictions set forth above shall not apply to Confidential Information which (a) at the time of disclosure is a part of the public domain and which has become a part of the

public domain through no violation or breach of the provisions of this Protective Order or (b) was already known by Plaintiffs/Relators or Defendant, respectively, prior to receiving the Confidential Information and as shown by their written records.

9. Confidential Information, and the substance or content thereof, including any notes, memoranda, or other similar documents relating thereto, shall be used by a receiving Party solely for the purpose of this Action and for no other purpose. Confidential Information shall be maintained by the receiving Party under the overall supervision of outside counsel.

10. Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Confidential Information in order to ensure that the confidential nature of the same is maintained.

## Use of Confidential Information in Depositions

11. Before any deposition witness is shown or given access to Confidential Information under Paragraph 6(g), counsel shall inform the witness that (a) the information is Confidential, (b) the information is covered by this Protective Order entered by the Court, and (c) this Protective Order prohibits the witness from using or disclosing any of the Confidential Information. Additionally, for any witness required by Paragraph 7 to sign Exhibit A to this Protective Order, counsel shall furnish a copy of the Protective Order to the witness and shall use their best efforts to ensure that the witness signs Exhibit A or affirms on the record in the deposition that he or she understands that the document and the information contained therein are confidential and understands that he or she is prohibited from sharing or discussing that document or the information contained therein with anyone outside the deposition. Failure of a witness required by Paragraph 7 to sign Exhibit A to this Protective Order to sign Exhibit A shall not preclude use of any Confidential Information during the deposition; however, the witness shall not be able to retain

or keep any Confidential Information or any portion of the transcript of their deposition that contains Confidential Information.

12.     Portions of a deposition or other testimony may be designated as Confidential Information by: (a) stating orally on the record of a deposition that certain information or testimony is Confidential Information or (b) on or before thirty days after the court reporter makes such transcript available, sending written notice to each other Party designating information as Confidential Information or otherwise causing the legend "Confidential" to be marked or stamped on the relevant portion of the transcript. Such written notification shall identify the specific pages and lines of the transcript that contain Confidential Information. Unless the Parties agree otherwise, all information disclosed during a deposition shall be deemed to have been designated Confidential Information from the date of the deposition until thirty (30) days after the court reporter makes such transcript available.

## Disclosure of Confidential Information

13.     The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a producing Party's claim of confidentiality.

14.     If Confidential Information is disclosed in any manner other than as authorized by this Protective Order, whether by inadvertence or otherwise, the Party responsible for such improper disclosure must immediately: (a) bring such disclosure to the attention of the Party producing the Confidential Information; (b) make every reasonable effort to retrieve such Confidential information and to prevent further disclosure; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the attached Exhibit A.

**Challenging Confidential Designations**

15. A Party shall not be obligated to challenge the propriety of a Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

16. In the event a Party, in good faith, disagrees with the designation of any document as Confidential and subject to this Protective Order, that Party may send a written notice to the producing Party (including non-parties to this case, if applicable), with copies to all Parties, specifying the documents in question and providing a short statement as to why each enumerated document ("Designated Document") should not be afforded protection under this Protective Order. Within twenty-one (21) days of receiving such a written notice, the producing Party shall either agree to remove the designation or seek a determination from the Court regarding the status of each contested designation.

17. The burden of establishing that the designation was proper under applicable law shall remain with the producing Party. All contested documents shall continue to be subject to this Protective Order until such time as the Court rules that they are not. If the producing Party fails to request that the Court determine the status of a Designated Document within twenty-one (21) days of receiving such written notice contesting the designation, the Designated Document shall be deemed not protected.

18. A Party or non-party withdrawing the Confidential designation after it was initially produced or disclosed shall, unless otherwise agreed, provide replacement copies lacking a confidentiality legend to the other Parties within ten (10) days of advising any Party of its intent to withdraw the designation.

## Confidential Documents Filed with Court

19. In the event that a Party wishes to use any Confidential Information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court, such Party shall comply with the process set forth in Section 7.1 of Judge Ana C. Reyes's Standing Order.

## Production of Privileged or Protected Documents

20. If any Party produces documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity, whether inadvertent or otherwise, the production shall not be deemed a waiver of the applicable privilege or protection in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

21. If a Party or non-party requests the return of any document pursuant to this Paragraph, the receiving Party shall return all copies of such documents, testimony, information and/or things to the inadvertently producing Party within five (5) business days of receipt of such notice or discovery. The receiving Party must also comply with all other requirements in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. If the receiving Party disputes the producing Party's assertion of privilege or protection, the receiving Party may submit the potentially privileged information to the Court under seal for a determination of the claim.

## Protected Material Subpoenaed or Ordered Produced in Other Litigation

22. If the receiving Party receives a court order or subpoena for Confidential Information, it shall immediately notify the producing Party and furnish a copy of said subpoena or other process order. After the receipt of the notice specified under this Paragraph, the Party seeking to maintain confidentiality shall have the sole responsibility for obtaining any order it

believes necessary to prevent disclosure of the Confidential Information that has been subpoenaed. If the Party seeking to maintain confidentiality does not move for a protective order within the time allowed for production by the subpoena (or within such time as a court may direct or as may be agreed upon between the designating Party and the subpoenaing party) and give written notice of such motion to the subpoenaing party and the Party to whom the subpoena is directed, the Party to whom the subpoena is directed may commence production in response thereto.

23. If the producing Party timely seeks a protective order or its equivalent in the other litigation or proceedings and promptly provides notice to the Party who was served, the Party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or court order issued, unless the Party has obtained the producing Party's permission. The producing Party shall bear the burden and expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

### Return of Confidential Information

24. All provisions of this Protective Order restricting the use of Confidential Information shall continue to be binding on the Parties and all persons who have received information under this Protective Order, after the conclusion of this Action. Within sixty (60) days after the final termination of this Action, all Confidential Information, all copies of same and all documents and materials reflecting same shall be promptly returned by the receiving Party to the producing Party, or, in lieu of returning such documents and materials to the producing Party, a receiving Party shall certify in writing to the producing Party that such documents have been destroyed. Notwithstanding the above, counsel shall be permitted to retain copies of all documents filed with the Court, correspondence between counsel, and copies of its own attorney work

product, even if any of such documents contain Confidential Information or information derived from Confidential Information.

### Non-Parties

25. Any non-parties who produce information in this Action may avail themselves of the provisions of this Protective Order, and Confidential Information produced by any non-party shall be treated by the Parties in conformance with this Protective Order.

### Reservation of Rights

26. Nothing in this Protective Order shall be deemed to waive any applicable privilege or work product protection in this case or in any other federal or state proceeding.

27. Nothing in this Protective Order shall be deemed an admission that any particular information designated as Confidential Information is entitled to protection under the Protective Order, Fed. R. Civ. P. 26(c), or any other law.

28. This Protective Order shall not enlarge or affect the proper scope of discovery in this Action or any other litigation. No Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Protective Order, and no Party waives any right to object on any ground to introduction or use as evidence of any Confidential Information covered by this Protective Order

29. Nothing is this Protective Order limits the admissibility of any Confidential Information at trial, subject to the right of any Party to assert and preserve the information as Confidential.

30. Intentional disclosure of Confidential Information other than in accordance with the terms of this Protective Order may subject the disclosing Party or person to such sanctions and remedies as the Court may deem appropriate. If the producing Party brings a motion for sanctions for an alleged violation of this Protective Order and the Court determines such motion is without

merit, the prevailing Party may seek fees and costs associated with the defense of such motion as appropriate.

31. Any Party may apply to the Court, on written notice to all other Parties, to modify the provisions of the Protective Order for good cause shown.

| AGREED TO BY: | |
|---|---|
| For Plaintiffs/Relators: | For Defendant: |
| Dated: May 15, 2023 | Dated: May 15, 2023 |
| By: ___/s W. Scott Simmer___ | By: ___/s Brad Fagg___ |
| W. Scott Simmer | Brad Fagg |
| DC Bar No. 460726 | DC Bar No. 433645 |
| ssimmer@baronbudd.com | brad.fagg@morganlewis.com |
| Baron & Budd, P.C. | Morgan, Lewis & Bockius LLP |
| 600 New Hampshire Avenue NW | 1111 Pennsylvania Ave. NW |
| 10th Floor | Washington, DC 20004 |
| Telephone: (202) 333-7352 | Telephone: (202) 739-3000 |
| *Counsel for Plaintiffs/Relators* | *Counsel for Defendant Point Blank Enterprises, Inc.* |

APPROVED AND SO ORDERED this 17th day of May, 2023.

_____
ANA C. REYES
United States District Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PAUL TERRION and JODY EBERHART, and on behalf of the STATES of CALIFORNIA, DELAWARE, FLORIDA, HAWAII, ILLINOIS, INDIANA, IOWA, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, RHODE ISLAND, TENNESSEE, VERMONT, the Commonwealth of MASSACHUSETTS, the Commonwealth of VIRGINIA, the Commonwealth of PUERTO RICO, the DISTRICT OF COLUMBIA, <br><br> *Plaintiffs/Relators*, <br><br> v. <br><br> POINT BLANK ENTERPRISES, INC. <br> 2102 SW 2nd Street <br> Pompano Beach, FL 33069, <br><br> and <br><br> JOHN DOES NOS. 1-50, FICTITIOUS NAMES, <br><br> *Defendants*. | Case No. 1:19-cv-03581-ACR |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I _____, have read and understand the Protective Order dated May 17, 2023. I agree to be bound by all of the terms of the Protective Order in the same manner as the Parties, including that I will not disclose any Confidential Information other than in accordance with the terms of the Protective Order, that Confidential Information may be used solely for the purpose of this Action and for no other purpose, and that I will return or destroy any Confidential Information no later than the conclusion of this Litigation in accordance with the

terms of the Protective Order. I consent to the jurisdiction of this Court for purposes of enforcement of the terms of the Protective Order.

By: _____

Date: _____